UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEXANDER LYONS, #816502,

        Petitioner,        Case No. 15-cr-13102

v        Honorable Thomas L. Ludington

DAVE BERGH,

        Respondent.
_____/

**ORDER DISMISSING PETITIONER'S PETITION FOR HABEAS CORPUS AS DUPLICATIVE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

**I.**

Michigan prisoner Alexander Lyons ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted of first-degree felony murder and possession of a firearm during the commission of a felony following a jury trial in the Oakland County Circuit Court and was sentenced to consecutive terms of life imprisonment without the possibility of parole and two years of imprisonment in 2011. In his pleadings, Petitioner raises claims concerning his right to confront a witness, the admission of certain police testimony, the conduct of the prosecutor, the effectiveness of trial counsel, and the sufficiency of the evidence. ECF No. 1.

Petitioner has filed a prior federal habeas action challenging the same convictions and raising the same claims, which is currently pending before another judge in this Court. *See Lyons v. Bergh*, No. 2:15-CV-13097. The present case, therefore, must be dismissed as duplicative. A suit is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ between the two actions. *See, e.g., Barapind v. Reno*, 72 F.

Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). Such is the case here. Petitioner's current habeas petition challenges the same convictions, raises the same claims, and seeks the same relief as his previously-filed case. Consequently, it is subject to dismissal as a duplicate petition. *See, e.g., Goosby v. Bell*, 2009 WL 2960393, *1 (E.D. Mich. Sept. 11, 2009) (dismissing case as duplicative); *Flowers v. Trombley*, 2006 WL 724594, *1 (E.D. Mich. March 17, 2006) (same); *Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002) (same); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss a habeas petition as duplicative of a pending habeas petition when the second petition is essentially the same as the first petition).

## II.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies habeas relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

### III.

Accordingly, it is **ORDERED** that Lyon's Petition for habeas corpus, ECF No. 1, is **DISMISSED without prejudice.**

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to appeal *in forma pauperis* is **DENIED.**

          s/Thomas L. Ludington
          THOMAS L. LUDINGTON
          United States District Judge

Dated: September 8, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 8, 2015.

          s/Karri Sandusky
          Karri Sandusky, Acting Case Manager